WITHERBEE et ux. v. WITHERBEE et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. BONDS—ORDER OF COURT—FORM—CONTEMPT.

Where the receiver of partnership property was also one of the executors of a deceased member of the firm, under a will directing a continuance of the business, an order directing him to deliver the property to a corporation on receipt of a bond conditioned that the corporation would pay to said executors any damage or recovery had against said executors on account of the property is not complied with by a bond running to him both as receiver and testamentary trustee, conditioned that the corporation would pay to said obligee any damage or recovery against said obligee on account of the property, and failure to comply with such order was not contempt.

2. SAME—APPROVAL—EFFECT.

A bond ordered to be given as a condition to the delivery of property, to be approved by the court, which does not comply with the order, is not made good by the approval of the court, since in approving the bond the court had no power to modify the order.

3. CONTEMPT—PUNISHMENT—DISCRETION—APPEAL AND ERROR.

Where a receiver of partnership property was ordered to deliver the property to a corporation on receipt of a certain bond, but refused to deliver because the bond was not as ordered, and abandoned the transaction of any business, whereupon the corporation took possession of some of the property without his consent, refusal of the court to punish the corporation for contempt will not be interfered with, since it is a matter resting largely in its discretion, and, under the circumstances, cannot be said to have not been justified.

Appeal from special term, Essex county.

Action by Walter C. Witherbee and wife against Frank S. Witherbee and others to wind up the co-partnership affairs of Witherbee, Sherman & Co. From an order adjudging him in contempt for refusing to deliver over the partnership property to a corporation, and denying his motion to punish the corporation for interfering with his possession, George T. Murdock, as receiver of such partnership property, appeals. First order reversed, and second affirmed.

This action was brought by the plaintiffs against the defendants to wind up the co-partnership affairs of Witherbee, Sherman & Co., and for a sale of the property of the firm and a distribution of the proceeds among the owners, and was begun in September, 1896. On the 6th day of November, 1895, George R. Sherman, a member of said firm, and the owner of one-third part of the partnership property, died. By his will he devised his one-third interest in the partnership property to his executors, his wife, Jane H. Sherman, George D. Sherman, and George T. Murdock, in trust, with authority to continue the partnership. This will was admitted to probate, and the executors qualified. Upon September 30, 1898, Jane H. Sherman died, leaving George D. Sherman and George T. Murdock as executors and trustees under the will. In Decem-

ber, 1896, George T. Murdock, the appellant, was appointed receiver of the co-partnership business and property, of which he at once took possession. Thereafter the claims of the respective parties were litigated, resulting in a decree determining the same. Upon application and consent of all the parties to the action except the appellant, Murdock, an order was made that the appellant, as receiver, deliver over to the corporation of Witherbee, Sherman & Co. all of the property which he held as receiver, except about $80,000 in cash, which under the order he might retain until his commissions and expenses were ascertained and paid, upon the delivery to him by said corporation of a bond in the penal sum of $150,000, approved by a justice of this court, "conditioned that said corporation will return and deliver to George T. Murdock and George D. Sherman, as executors under the will of George R. Sherman, deceased, the two-ninths interest or share of George K. Sherman, John R. Sherman, and Charles S. McLaughlin, the trustee in bankruptcy of George K. Sherman, of, in, and to such personal property, if the return thereof be finally adjudged herein, or will pay to the executors the value thereof, if such delivery cannot be had; and also conditioned that said corporation will pay to said executors, upon demand, any damage or recovery that may be had against said executors on account thereof, or on account of the rents, issues, and profits of the two-ninths share of George K. Sherman, John R. Sherman, and Charles S. McLaughlin, as trustee in bankruptcy of said George K. Sherman, of, in, and to the real property of said late firm of Witherbee, Sherman & Co." This order was entered in the Essex county clerk's office upon the 8th day of August, 1900, and was upon that day served upon the appellant. At the same time there was tendered him a bond dated July 20, 1900, executed by Frank S. Witherbee, Wallace T. Foote, Walter C. Witherbee, George D. Sherman, and Witherbee, Sherman & Co. This bond was executed to "George T. Murdock as receiver in the above-entitled action, and as executor and trustee under the will of George R. Sherman, in the penal sum of $150,000, to be paid to the said George T. Murdock, as receiver and as testamentary trustee, or to his executors, administrators, successors, or assigns." It then recited the order of July 14th, and the condition was in the following language: "If the said corporation of Witherbee, Sherman & Company shall well and truly return or cause to be returned to said obligee the aforesaid two-ninths interest in said personal property if the return thereof be finally adjudged herein, or will pay to said obligee the value thereof, if such delivery cannot be had, and shall well and truly pay or cause to be paid to said obligee upon demand any recovery that may be had against said obligee on account thereof, or on account of the income thereof, or of the rents, issues, and profits of the two-ninths part or share of the said John R. Sherman, George K. Sherman, and to his trustee in bankruptcy, Charles H. McLaughlin, in the real property of the said late co-partnership, then this obligation to be void." At this time a demand was made upon the appellant for said property, which was refused. Upon the 17th day of August, 1900, an order was granted that this appellant show cause why he should not be punished for contempt, in not having delivered over the property as required by the order. Thereafter, and upon the 28th day of August, 1900, another bond was served upon the receiver, and another demand for the property, which was refused. The second bond bore date August 24, 1900, and was executed by the corporation, Witherbee, Sherman & Co., and by Walter C. Witherbee and Wallace T. Foote, Jr. Both bonds were approved by the justice who made the order. The second bond tendered by the respondent ran, as did the other one, to George T. Murdock, as receiver, and as executor and trustee under the will of George R. Sherman, and the final condition reads: "That the obligors shall well and truly pay or cause to be paid to such obligee, on demand, any damage or recovery that may be had against the said obligee." After the service of this second bond a second order was obtained, returnable at the same time as was the first order, requiring the appellant to show cause why he should not be punished for contempt in refusing to deliver over the property which he held as receiver. After the refusal of the receiver to deliver the property upon demand, he discharged the employés of the company and abandoned the transaction of any business. It seems that there were contracts outstanding, which were liable to be forfeited. Thereupon the corporation took possession of certain of the property of which

the receiver then held possession, without the permission of the receiver. At the instance of the receiver an order was granted, returnable at the same date as were the other orders to show cause, requiring the corporation to show cause why it should not be punished for contempt in interfering with the possession of the receiver.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Edgar T. Brackett, for appellant.
F. A. Rowe, for respondent.

SMITH, J.  The appellant justifies his refusal to deliver over the property upon the demand of the respondent upon the ground that the bond tendered to him did not comply with the order.  By the terms of the order he was entitled to a bond "conditioned that said corporation will pay to said executors upon demand any damage or recovery that may be had against said executors .on account thereof, or on account of the rents, issues, and profits," etc.  Both bonds ran to the appellant both as receiver and testamentary trustee, and were conditioned that the said corporation "shall well and truly pay or cause to be paid to said obligee upon demand any damage or recovery that may be had against said obligee on account thereof, or on account of the income thereof," etc.  This bond was not, we think, in strict compliance with the order.  The obligee was named both as receiver and as testamentary trustee.  A recovery against Murdock as testamentary trustee alone would hardly come within the protection of the bond, which must be construed strictly.  Nor is the respondent aided by the approval of the justice who presided at the court when the order was made.  In approving the bond he had no power, though he had intended, to modify the terms of the order.  The claim that the appellant has waived a bond in strict compliance with the order is not tenable.  There nowhere appears any intention to waive any rights which he might have, even if he were by law authorized to make such waiver, and such authority is not clear.  The order cannot be justified on the ground that he still exercised control over the property, as the control is rightfully with him until the property be delivered to his successor.  Nor, again, can it be justified on the ground that he is unlawfully interfering with the property, because the order states no acts of interference constituting a contempt, nor are any such acts shown by the affidavits.  If the property was to be delivered over to the corporation of Witherbee, Sherman & Co. only upon the production of the bond required by the order, its possession of necessity remained with the receiver until such bond was delivered.  An interference with that possession is unquestionably a contempt of court.  Whether the offender shall be punished, however, must rest largely in the discretion of the court.  The offense may be technical. It may have appeared to the court that there were strong moral grounds for an interference which was without its permission.  We cannot say that under the circumstances of this case the special term was not justified, in its discretion, in forgiving the respondent for the contempt committed.  As the order does not state upon what

ground the motion was denied, it must be sustained if justified upon any ground.

The order punishing the appellant for contempt, from which the first appeal is taken, should be reversed, with $10 costs and disbursements. The order refusing to punish the respondent for contempt in interfering with the possession of the appellant as receiver should be affirmed, without costs of this appeal to either party, with leave to the appellant to apply to the special term for a restitution of the said property, unless a bond be given in compliance with the order of the court made upon 14th July, 1900.

First order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

Second order affirmed, without costs to either party, with leave to the receiver to apply to the special term for a restitution of the property unless a bond be given in compliance with the order of the court. All concur.