HERRMANN v. HERRMANN et al.

(Supreme Court, Appellate Division, Second Department.  April 24, 1903.)

1. CONTEMPT—SEPARATION—IMPORTUNING SETTLEMENT.
Acts of defendant, in an action for separation, and of another in visiting plaintiff at her apartments on various occasions, and persistently endeavoring to procure a settlement of the action by offering her money to sign a paper which was read to her, did not constitute contempt of court within Code Civ. Proc. § 14, subd. 4, providing that persons who shall unlawfully detain or fraudulently prevent or disable a witness from attending or testifying, or a party to an action or special proceeding, while going to, remaining at, or returning from the city where it is noticed for trial or hearing, or for any other unlawful interference with the proceeding therein, shall be guilty of contempt.

Appeal from Special Term, Westchester County.

Action by Carlotta Herrmann against George Herrmann.  From an order denying plaintiff's motion to punish defendant and George Von Stamwitz for contempt of court, plaintiff appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Ira Leo Bamberger (Gustavus A. Rogers, on the brief), for appellant.

Francis B. Mullin, for respondents.

WOODWARD, J.  This is an action for separation, and the plaintiff's affidavit in support of a motion to punish the defendant and one George Von Stamwitz for contempt of court sets forth that on various occasions Von Stamwitz visited her at her apartments in the city of New York and attempted to procure a settlement of the action, offering her $2,000 to sign a certain paper which he read to her.  It is claimed that this constitutes contempt of court, under the provisions of subdivision 4 of section 14 of the Code of Civil Procedure.  By this subdivision it is made a contempt of court for "unlawfully detaining, or fraudulently and wilfully preventing, or disabling from attending or testifying, a witness, or a party to the action or special proceeding, while going to, remaining at, or returning from the city where it is noticed for trial or hearing; and for any other unlawful interference with the proceedings therein."  There is no allegation that the defendant has done any of these things, and there is no allegation that George Von Stamwitz had interfered with the plaintiff "while going to, remaining at, or returning from" any trial or proceeding in connection with her action.  The most that can be said is that George Von Stamwitz was persistent in urging upon the plaintiff a settlement of the pending action, and that he suggested that the plaintiff's attorney be dropped out of the consideration.  It does not appear that he proposed that the attorney be cheated out of his fees or charges, but simply that his advice be ignored, and that the plaintiff settle the action.  This does not constitute contempt of court, and, even were the question open to more doubt than it is, the fact that punishment for contempt is a harsh measure, and that it rests largely in the discretion of the court having

the immediate jurisdiction (Witherbee v. Witherbee, 55 App. Div. 181, 185, 66 N. Y. Supp. 1036), would deter this court from interfering with the order. While the discretion is a legal discretion, and may not be abused, it would necessarily be a strong case in which an appellate court would be justified in reversing an order which refused to punish for contempt.

The order appealed from should be affirmed, with costs. All concur.