CARLOTTA HERRMANN, Appellant, *v.* GEORGE HERRMANN,
Respondent.

GEORGE VON STAMWITZ, Respondent.

*Contempt of court — offering money and persistently urging a wife to settle an action*
*for separation from her husband and to disregard her attorney's advice is not —*
*an order refusing to punish for contempt seldom reversed on appeal.*

An affidavit made by a woman who has brought an action to procure a separa-
tion from her husband, alleging that a third person had visited her at her apart-
ments and persistently urged her to settle the action, offering her a sum of
money to sign a paper which he read to her, and that he suggested that she
ignore her attorney's advice, does not establish that her husband and the third
person were guilty of contempt of court under the provisions of subdivision 4
of section 14 of the Code of Civil Procedure, which provides that the court
may declare a person guilty of contempt for " unlawfully detaining or fraudu-
lently and wilfully preventing or disabling from attending or testifying a wit-
ness or a party to the action or special proceeding while going to, remaining
at or returning from the sitting where it is noticed for trial or hearing, and for
any other unlawful interference with the proceedings therein."

Punishment for contempt of court is a matter which rests largely in the discre-
tion of the court having immediate jurisdiction of the parties, and a strong
case must be presented before an appellate court will be justified in reversing
an order refusing to punish a party for contempt.

APPEAL by the plaintiff, Carlotta Herrmann, from an order of the
Supreme Court, made at the Kings County Special Term and entered
in the office of the clerk of the county of Westchester on the 10th
day of November, 1902, denying the plaintiff's motion to punish
the defendant and one George Von Stamwitz for contempt of
court.

*Ira Leo Bamberger* [*Gustavus A. Rogers* with him on the brief],
for the appellant.

*Francis B. Mullin,* for the respondents.

WOODWARD, J.:

This is an action for separation, and the plaintiff's affidavit in sup-
port of a motion to punish the defendant and one George Von
Stamwitz for contempt of court sets forth that on various occasions
Von Stamwitz visited her at her apartments in the city of New

## 438 HERRMANN *v.* HERRMANN.

York and attempted to procure a settlement of the action, offering her $2,000 to sign a certain paper which he read to her. It is claimed that this constitutes contempt of court under the provisions of subdivision 4 of section 14 of the Code of Civil Procedure. By this subdivision it is made a contempt of court for " unlawfully detaining or fraudulently and wilfully preventing or disabling from attending or testifying, a witness or a party to the action or special proceeding while going to, remaining at or returning from the sitting where it is noticed for trial or hearing, and for any other unlawful interference with the proceedings therein." There is no allegation that the defendant has done any of these things, and there is no allegation that George Von Stamwitz had interfered with the plaintiff " while going to, remaining at or returning from " any trial or proceeding in connection with her action. The most that can be said is that George Von Stamwitz was persistent in urging upon the plaintiff a settlement of the pending action, and that he suggested that the plaintiff's attorney be dropped out of the consideration. It does not appear that he proposed that the attorney be cheated out of his fees or charges, but simply that his advice be ignored and that the plaintiff settle the action. This does not constitute contempt of court, and even were the question open to more doubt than it is, the fact that punishment for contempt is a harsh measure and that it rests largely in the discretion of the court having the immediate jurisdiction ( *Witherbee* v. *Witherbee,* 55 App. Div. 181, 185) would deter this court from interfering with the order. While the discretion is a legal discretion and may not be abused, it would necessarily be a strong case in which an appellate court would be justified in reversing an order which refused to punish for contempt.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.